(29 Misc. Rep. 581.)

TILLEY et al. v. BEVERWYCK TOWING CO.

(City Court of New York, General Term. November 16, 1899.)

1. TOWAGE—DUTIES OF TUG.
   A vessel which undertakes to tow other boats must see that the tow is properly made up, and that the lines are strong and securely fastened.

2. SAME.
   Though a steam tug employed to tow a vessel into port is not a common carrier nor an insurer, it is bound to exercise reasonable skill and care in everything relating to the work until it is accomplished.

Appeal from trial term.

Action by James Tilley and others against the Beverwyck Towing Company. From a judgment entered on verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Amos Van Etten, for appellant.
Hyland & Zabriskie, for respondent.

FITZSIMONS, C. J. The defendant is the owner of the steam towboat Syracuse, which, on May 25, 1896, took in tow the canal boat M. F. Hamm, with a cargo of ice belonging to the plaintiffs, intending to tow said canal boat from Van Wier or Lockworth's landing, on the Hudson, to the city of New York. There were 50 or 60 other vessels in tow, arranged in tiers of 4 each. While coming down the river, the Syracuse evidently ran the tow out of the channel, some of the hawsers broke, and the boats on the starboard side, including the one belonging to the plaintiffs, drifted back, and were cut on a bank in the river. The plaintiff's boat got on this bank about 2:30 a. m., and lay in such a position that her bow pointed to the east in deep water while her stern was aground on the bank. About 4:30 p. m., the same day, the tug Harry, employed by the defendant, having attempted unsuccessfully to beach the plaintiff's boat, towed the same to Athens stern first, and then brought her towards Rondout, on which last-named journey the boat, with its cargo, sank, becoming a total loss. In all these things, acts of mismanagement and negligence on the part of the defendant were charged, and the case, on the evidence, was one clearly for the jury. It is the duty of a vessel which undertakes to tow other boats to see that the tow is properly made up, and that the lines are strong, and securely fastened. The Quickstep, 9 Wall. 665, 19 L. Ed. 767. A steam tug, which engages to tow a vessel into a port, although not a common carrier, nor an insurer, is bound to exercise reasonable skill and care in everything relating to the work until it is accomplished, and she is liable for the want of either to the extent of the damage sustained. The A. R. Wetmore, 5 Ben. 147, Fed. Cas. No. 569. Whether the defendant discharged these duties was, on the evidence, clearly a question of fact, properly submitted to the jury, and they found, upon evidence which satisfactorily sustains their finding, that the loss of the plaintiff's boat and its cargo was because of the negligence of the defendant, and the plaintiffs were free from any imputation of contributing to

the injury. The case was carefully submitted to the jury, and the damages awarded find ample support in the proofs; the exceptions are without merit; and, as we find no error, the judgment and order appealed from must be affirmed, with costs. All concur.